UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BELKNAP, et al., | ) | CASE NO. 1:14-cv-1540 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BANK OF AMERICA CORP., | ) | |
| AKA BANK OF AMERICA, N.A., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Presently before the Court is the motion of defendant Bank of America to dismiss plaintiffs' complaint for failure to state a claim. (Doc. No. 9.) Plaintiffs have opposed the motion (Doc. No. 10), and defendant has replied (Doc. No. 11). For the reasons contained herein, defendant's motion to dismiss is granted in part, and denied in part without prejudice.

## I. BACKGROUND

Plaintiffs Douglas and Shandra Belknap bring this action against Bank of America (the "bank") in connection with a line of credit and mortgage executed in favor of Countrywide Home Loans on April 20, 2007, with respect to property plaintiffs own in Gates Mills, Ohio. (Doc. No. 1 [Compl.] ¶¶ 11-12.) After these documents were executed, the bank acquired Countrywide.

On July 17, 2012, a complaint in foreclosure was filed against plaintiffs in the Cuyahoga County Court of Common Pleas by Citibank. Citibank serviced plaintiffs' loan, but is not a defendant in this lawsuit. (*Id*. ¶¶ 14-15.) Plaintiffs engaged in loss mitigation and loan

modification with the bank, and the foreclosure complaint was dismissed on December 11, 2012. (*Id.* ¶ 16.)

Plaintiffs were concerned that their loan had not been permanently modified and, through counsel, sent a Qualified Written Request and Notice of Error/Request for Information ("QWR") to the bank. (*Id.* ¶¶ 18-20.) Plaintiffs claim that they received an insufficient response to the QWR, remain unable to remit full payment to the bank, and continue "to suffer from Bank of America's inability to respond to the qualified written request or complete loan modification." (*Id.* ¶ 22.)

Based on these facts, plaintiffs assert a five count complaint. Count 1 for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; Count 2 for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; Count 3 for violation of the Truth in Lending Act/Regulation X and Z violations ("TILA"); Count 4 for negligent servicing under the National Mortgage Settlement Consent Judgment; and Count 5 for fraud, including the bank's "pattern and practice" of misrepresenting the status of plaintiffs' mortgage account and denying plaintiffs the opportunity to reinstate the loan. (Compl. ¶¶ 23-57.) Defendant contends that plaintiffs' entire complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

In opposing defendant's motion as to Count 1, plaintiffs expressly concede that their complaint fails to state a claim under the Fair Debt Collections Practices Act:

> Plaintiffs would concede based upon the evidence and allegations in support provided by [the bank] in their Motion to Dismiss that [the bank] owns the note they are attempting to collect that Plaintiffs' Claim under the Fair Debt Collection Practices Act is barred.

(Opp'n at 74.)

Without arguing the law, plaintiffs simply assert that their RESPA claim (Count 2), and fraud claim (Count 5), both state plausible claims for relief under the *Iqbal/Twombly* standard. With respect to the fraud claim, plaintiffs "concede the allegations in the complaint are not the most artfully drawn, [but] the Plaintiffs have pled beyond mere notice a demonstrable pattern of acts by [the bank]" sufficient to pass the *Iqbal/Twombly* test for fraud. (Opp'n at 76.)

In opposing the bank's motion, plaintiffs concede that neither Count 3 nor Count 4 state a claim but, as part of their opposition, request leave to amend to assert different claims. Plaintiffs have not filed a motion for leave to amend or filed a proposed amended complaint.

Specifically, plaintiffs state that "[t]he Third Claim for Relief is improperly classified as a TILA violation and should fail as a matter of law." But while improperly pled as a TILA claim, plaintiffs contend that the claim "should be allowed to be amended and reclassified as a claim under RESPA." (Opp'n at 76.)

With respect to the bank's motion to dismiss Count 4, plaintiffs state that:

> Upon review of [the bank's] Motion to Dismiss, Plaintiff would concede that the controlling language of the National Mortgage Settlement may indicate that there is no private right of action. However Plaintiff[s] would request an opportunity to amend their pleadings as the allegations in this claim may have given rise to a properly pled breach of contract claim.

(Opp'n at 76.)

## II. DISCUSSION

### A. Standard of Review

#### 1. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of each claim in plaintiffs' complaint. The sufficiency of a pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The factual allegations in a pleading must be sufficient to "raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In order to survive defendant's motion, plaintiffs' complaint must "state a claim to relief that is plausible on its face" when the factual allegations in the complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, plaintiffs' complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC, v. Zelma*, 763 F.3d 506, 509 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 980, 2015 WL 133025 (U.S. Jan 12, 2015), (quoting *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (internal quotations marks and citation omitted)).

#### 2. Rule 15

The Court construes plaintiffs' statements in their opposition as a motion for leave to amend portions of their claims. Motions for leave to file an amended complaint are reviewed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires. Leave to amend is

appropriately denied under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, repeated failure to cure deficiencies in prior amendments, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should freely give leave to amend in the absence of these factors. *Foman*, 371 U.S. at 182.

The Sixth Circuit has held that "where a more carefully crafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). This "one chance to amend" may be warranted even if plaintiff fails to file a motion to amend. *Id.* at 644-45 (amendment permitted without motion to particularize allegations for purposes of complying with Rule 9(b)); *Empire Title Servs., Inc. v. Fifth Third Mortg. Co.*, 298 F.R.D. 528, 531 (N.D. Ohio 2014) ("[T]he Sixth Circuit has recognized that 'at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend.' [*Brown v. Matauszak*, 415 F. App'x 608,] 615 (6th Cir. 2011) (emphasis in original).").

**B. Analysis**

Plaintiffs expressly concede that their claim for violation of the Fair Debt Collection Practices Act in Count 1 of the complaint is barred because the bank, having acquired the loan by merger, is collecting its own debt and is not a debt collector within the meaning of the statute. *See* 15 U.S.C. § 1692a(6). Accordingly, plaintiffs have failed to state a

claim as to Count 1, and defendant's motion to dismiss Count 1 of plaintiff's complaint is GRANTED.

With respect to Count 3, plaintiffs concede that they have improperly asserted a TILA claim. With respect to their negligent servicing claim—Count 4—plaintiffs concede that "the controlling language of the National Mortgage Settlement may indicate that there is no private right of action." Accordingly, plaintiffs have failed to state a claim as to Count 3—TILA, and Count 4—Negligent Servicing under the National Mortgage Settlement, and defendant's motion to dismiss Counts 3 and 4 of plaintiffs' complaint is GRANTED.

In conceding Counts 3 and 4, plaintiffs seek leave to "reclassify" their former TILA claim as a RESPA claim, and to plead a breach of contract claim, although their basis for doing so is very thinly described and a proposed amended complaint has not been filed. Defendant contends that permitting plaintiffs to amend would be futile because "their claims fail as a matter of law, no matter what title they are given[]"and would not withstand a motion to dismiss. (Reply at 80.) This may ultimately prove true, but in the absence of a proposed amended complaint, the Court is reluctant to conclude at this time that the amended pleading, if filed, will fail as a matter of law.

Although not without limits, curing deficiencies in a pleading by way of amendment conserves the Court's resources and "is an accepted and expeditious way to more quickly reach the merits of a dispute." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* MDL Docket No. 1:09-md-2050, Nos. 2:08-cv-862 (D. Utah), 1:09-cv-532, 09-cv-144 (D. Minn.), 1:09-cv-531, 2010 WL 9459056, at *3 (S. D. Ohio July 15, 2010) (denying motions for judgment on the pleadings and granting leave to file amended pleadings). While

repeated failures to cure the deficiencies of a pleading can be a basis for denying leave to amend, in this case, the complaint has not been previously amended.

Plaintiffs' response to defendant's motion to dismiss was timely, although the Court is concerned about the apparent lack of analysis that went into selecting the claims originally asserted and that the plaintiffs have readily conceded are not viable. But at this point, there is no evidence of bad faith or dilatory motives behind plaintiffs' request to amend. Further, at this early stage of the litigation, the Court can discern no undue prejudice to defendant by permitting the amendment because the original complaint is sufficient to put the bank on notice of the claims against it.

Accordingly, consistent with Rule 15 and the law of the Sixth Circuit, the Court concludes that plaintiffs should be given an opportunity file an amended complaint. Plaintiffs have not asked for leave to amend counts 2 and 5, although they have suggested that the TILA claim in Count 3 should really be recast as a RESPA claim, so it is possible that they intend to amend their RESPA claim in Count 2. In any event, the Court believes that the most efficient way to proceed is to address counts 2 and 5 at the same time as any additional claims that plaintiffs believe, in good faith, may be asserted. Accordingly, defendant's motion to dismiss counts 2 and 5 of the complaint is denied without prejudice, and defendant shall have the opportunity to file a motion to dismiss the amended complaint, if appropriate.

### III. CONCLUSION

For the reasons contained herein, defendant's motion to dismiss Counts 1, 3 and 4 of plaintiffs' complaint is GRANTED. Defendant's motion to dismiss Counts 2 and 5 of the complaint is denied without prejudice.

In keeping with the provisions of Rule 15 and exercise of the Court's discretion, plaintiffs are granted leave to file a first amended complaint as described herein. Plaintiffs shall file their first amended complaint by April 17, 2015.

**IT IS SO ORDERED**.

Dated: March 27, 2015

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**